IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ERNEST BENTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-015-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## ON TIMELINESS OF APPEAL

This *pro se* habeas case has been recommitted to the United States Magistrate Judge for a recommendation as to when petitioner delivered his Notice of Appeal to prison authorities for mailing.

Petitioner Ernest Benton filed an application for writ of habeas corpus challenging his state court conviction for Enhanced Aggravated Sexual Assault of a Child. By judgment entered on November 21, 2018, the application was denied, making the Notice of Appeal due on December 21, 2018. Petitioner's Notice of Appeal was docketed by the Clerk on December 31, 2018. Unable to determine whether petitioner timely deposited this pleading in the prison mail system, the Fifth Circuit remanded the case to this court for such a determination.

To determine when petitioner placed his Notice of Appeal in the prison mail system, the Court issued a Briefing Order to the Petitioner on January 29, 2019. Petitioner responded to the Briefing Order in a timely fashion and urged the Court that he timely delivered his Notice of

Appeal on December 21, 2018, the deadline for submission. On this declaration, the Court ordered the respondent to submit the prison mail logs for the time period in question for petitioner's unit of incarceration. On March 8, 2019, this Court received the redacted prison mail logs, indicating that petitioner sent mail to the Clerk's Office for the Amarillo Division on December 21, 2018. Based on this evidence, it appears petitioner timely submitted his Notice of Appeal to prison authorities. Thus, the Court recommends this case be sent back to the Fifth Circuit with the finding that such notice was timely filed.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that petitioner ERNEST BENTON's Notice of Appeal be found TIMELY FILED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 14, 2019.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).